IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| REBECCA GOLLADAY, Executrix of the Estate of William Paul Golladay, III, <br><br> Plaintiff, <br><br> v. <br><br> NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 5:22-cv-00030 <br><br> By: Elizabeth K. Dillon <br> United States District Judge |

**MEMORANDUM OPINION**

This declaratory judgment action relates to a 2016 vehicle accident in Pennsylvania resulting in the death of William P. Golladay III ("decedent"). Plaintiff Rebecca Golladay, the executrix of decedent's estate, filed this action in Rockingham County Circuit Court, seeking a declaration as to whether defendant Nationwide Property & Casualty Insurance Company, which plaintiff alleges is decedent's insurer, must afford him uninsured motorist insurance coverage. (Dkt. No. 1-2.) Nationwide then removed the case to this court. (Dkt. No. 1.)

Pending before the court is plaintiff's motion to remand to the Rockingham County Circuit Court. (Dkt. No. 7.) The court heard argument, and the motion is now ripe for resolution. For the following reasons, the court will grant the motion.

I. BACKGROUND

Plaintiff alleges that, on November 24, 2016, decedent was killed when the tractor trailer he was driving—which was carrying a load of fuel—was struck by a trailer that had detached from the vehicle of an unknown motorist ("John Doe"). This, plaintiff alleges, caused decedent's tractor to flip over on its side, which ignited the fuel in the trailer and led to an

explosion that caused his death.

On November 20, 2018, plaintiff, as the executrix of decedent's estate, filed a wrongful death lawsuit against Doe pursuant to Virginia Code § 8.01-60 *et. seq.*, which is still pending in Rockingham County Circuit Court.[1] Nationwide answered the suit on behalf of Doe and began conducting discovery, including depositions and interrogatories.[2] At the time of his death, decedent was a rated driver (and, plaintiff argues, a named insured) under an automobile insurance policy issued by Nationwide. Plaintiff made a claim with Nationwide on decedent's behalf, believing he was entitled to uninsured motorist coverage under Virginia law.

On December 12, 2018, Nationwide informed plaintiff that it was denying decedent coverage because he was only a rated driver under the policy and not a named insured. Importantly in this dispute, the Nationwide policy identifies only "William P Golladay" (with no suffix) as the named insured (*see* Dkt. No. 1-2 at 5) but lists both "William P Golladay III" (decedent) and "William P Golladay Jr" (decedent's father) as rated drivers (*id.* at 6), leaving uncertainty as to whether William P. Golladay III or William P. Golladay Jr. is in fact the named insured under the policy.

On February 23, 2022, plaintiff filed this declaratory judgment action in Rockingham County Circuit Court; it is identical to a motion for declaratory judgment she had previously filed in the wrongful death case that was later withdrawn pursuant to an agreement between the parties.[3] On May 24, 2022, Nationwide removed this action to this court pursuant to diversity jurisdiction (plaintiff is a citizen of Virginia, and Nationwide is incorporated in Ohio with its

---

[1] Also pending in that court is a professional negligence lawsuit which relates to the wrongful death case.

[2] The case has not yet been assigned a trial date.

[3] The parties brought this agreement to the attention of the court at the hearing.

principal place of business in Ohio).  On June 21, 2022, plaintiff moved to remand.

## II.  STANDARD OF REVIEW

Under the Declaratory Judgment Act, a district court, in "a case of actual controversy within its jurisdiction . . . *may declare* the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a) (emphasis added).  The Declaratory Judgment Act confers upon the federal courts a "unique and substantial discretion" to decide whether to declare the rights of litigants, not "an absolute right upon the litigant."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–87 (1995) (citation and internal quotations omitted).  The exercise of the court's jurisdiction is "informed by the teachings and experience [of the courts] concerning the functions and extent of federal judicial power."  *Id.* at 287.  "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and judicial administration."  *Id.* at 288.

When there is an ongoing proceeding in state court that may overlap with a related federal case, courts "must consider whether 'federalism, efficiency, and comity' counsel against exercising jurisdiction."  *Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 202 (4th Cir. 2019) (quoting *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004)).  In making this determination, courts look to: (1) the state's interest in having its own courts decide the issue; (2) the state courts' ability to resolve the issues more efficiently than the federal courts; (3) the potential for unnecessary entanglement between the state and federal courts based on overlapping issues of fact or law; and (4) whether the federal action is mere "procedural fencing"— that is, "'to provide another forum in a race for res judicata' or 'to achiev[e] a federal hearing in a case otherwise not removable.'"  *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15

F.3d 371, 376–77 (4th Cir. 1994) (quoting 6A J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 57.08 [5] (2d ed. 1993)).  As noted by the Fourth Circuit, "a district court should not treat the [*Nautilus*] factors as a 'mechanical checklist,' but rather should apply them flexibly in light of the particular circumstances of each case."  *VRCompliance LLC v. HomeAway, Inc.*, 715 F.3d 570, 573 (4th Cir. 2013) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

In addition to the *Nautilus* factors, in *Trustgard* the Fourth Circuit emphasized that "courts should exercise their discretionary jurisdiction with caution when doing so would raise serious questions about Article III jurisdiction."  942 F.3d at 202 (citing *Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trades Council*, 485 U.S. 568, 575 (1988)).

III.  ANALYSIS

In *Trustgard*, the Fourth Circuit addressed "[the] discretionary jurisdictional question before [the] nondiscretionary jurisdictional question" and dismissed based on the *Nautilus* factors.  *See id.* at 201.  But the court also noted its uncertainty as to whether it would have subject matter jurisdiction over a suit like the case at bar, brought to decide whether an insurance contract "requires the insurer to pay any judgment . . . that might result from the ongoing state-court proceedings."  *Id.* at 197, 199 ("Before we address the prudence of exercising jurisdiction under the Declaratory Judgment Act, we first note our uncertainty about whether we have Article III jurisdiction at all.").  The court explained that the alleged injury in the declaratory judgment action—the possible guarantee of a future judgment—was "of a hypothetical and contingent nature: the injury may or may not occur depending on the outcome of the state lawsuit."  *Id*. at 200.  With no state-court judgment against the insured, a decision in federal court "concerning [the] obligation to guarantee such a judgment will have no effect."  *Id.*  Thus, before any

determination of liability, it would "risk issuing an advisory opinion" by making such a decision. *Id*.

In this case, the same uncertainty exists. As in *Trustgard*, there is no state-court judgment against the John Doe motorist in the parallel wrongful death action. Therefore, the court risks issuing an advisory opinion if it opines on Nationwide's coverage obligations. District courts have followed the reasoning of *Trustgard* and declined to exercise jurisdiction instead of risking the issuance of an advisory opinion under the Declaratory Judgment Act. *See, e.g.*, *Green v. Hudson Ins. Co.*, No. 5:20-cv-52, 2021 WL 279609 (W.D. Va. Jan. 27, 2021) (remanding declaratory judgment action under *Trustgard*); *Progressive N. Ins. Co. v. Jackson*, No. 5:19-cv-2002, 2020 WL 4904824 (D.S.C. Aug. 20, 2020) (dismissing declaratory judgment claim *sua sponte* due to *Trustgard*); *Zahn v. Barr*, No. 2:19-cv-3553, 2020 WL 3440801, at *2–4 (D.S.C. June 23, 2020) (citing *Trustgard* as a basis to decline jurisdiction over a declaratory judgment action); *Old Republic Ins. Co. v. C&G Express Trucking, LLC*, No. 5:20-cv-82, 2020 WL 2772767, at *3 (E.D.N.C. May 28, 2020) (same).

At the hearing and in its brief, Nationwide attempted to distinguish *Trustgard*, arguing that it involved an unusual blanket coverage policy that depended on liability for the underlying tort, and thus that its jurisdictional reasoning could be limited to that case. But the *Trustgard* court's commentary on the issue of advisory opinions in insurance coverage declaratory judgment actions was broad in nature and not limited to the nuances of that specific policy, except to the extent it concerned a duty to indemnify. The Fourth Circuit explicitly "distinguished duty-to-defend cases that addressed who was required to pay the costs of defending a suit prior to judgment" and stated that "suits about the duty to indemnify—unlike the duty-to-defend suits—would ordinarily be advisory when the insured's liability remains

5

undetermined." *See* 942 F.3d at 200. Those conclusions are as applicable here as they were in *Trustgard*, and they require remand.

## IV.  CONCLUSION

For the reasons stated herein, plaintiff's motion to remand will be GRANTED. The court will issue an appropriate order.

Entered: February 1, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

6